## 56902. WEST POINT PEPPERELL v. GREEN.

QUILLIAN, Presiding Judge.

This is an appeal from a judgment of the superior court which affirmed an award of the State Board of Workers' Compensation. *Held:*

The claimant was injured and was totally disabled for a period of time and during this period drew compensation under the provisions of Code Ann. § 114-404 (Code § 114-404, as amended through Ga. L. 1975, pp. 190, 193). Subsequent thereto she had a change in condition from total disability to partial disability. She then returned to work for her employer at a different job which was suitable to her impaired physical condition.

The board entered an award which granted the claimant compensation for partial disability. In determining the amount of compensation due the claimant the board awarded the claimant 66 2/3 % of the difference between her average weekly wage before the injury and the average weekly wage she was able to earn thereafter. This was the proper method of computing the compensation due her under the provisions of Code Ann. § 114-405 (Code § 114-405, as amended through Ga. L. 1975, pp. 190, 194).

The employer contends that this was error because there were certain weeks subsequent to the time the claimant returned to the light work that she lost time from work not because of her condition or the fact that she was in a new job but because the entire plant was closed down. The employer argues that the claimant would have lost this time from work had she been in her old job and therefore she was not entitled to receive partial disability for the days she would not have been working even if she had not been injured.

While the employer's argument may have some merit, the only method provided by the statute is to use the average weekly wage before and after the injury. This could also in some cases result in the claimant receiving a smaller amount of compensation for partial disability if during the period prior to the injury he had lost some days from work because the plant was closed down. Then in that event his average weekly wage prior to the injury

would be calculated at a reduced amount because of the days he lost from work. See Rule 405, State Board of Workers' Compensation, Computing Average Weekly Wage After Injury.

*Judgment affirmed. Webb and McMurray, JJ., concur.*

ARGUED NOVEMBER 7, 1978 — DECIDED JANUARY 5, 1979.

*Swift, Currie, McGhee & Hiers, George L. Pope, Jr., James T. McDonald, Jr.,* for appellant.

*Brown, Harriss, Hartman & Ruskaup, Don L. Hartman,* for appellee.